**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

HOY'S, INC. *et al.*,

          Plaintiffs,

vs.

EBJ&F, LLC, *et al.*,

          Defendants.

2:13–cv–912–APG–VCF

**ORDER**

      This matter involves Hoy's Inc.'s breach of contract action against EBJ&F, LLC *et al.*, which arose in connection with Defendant Edwin Fujinaga's alleged Ponzi scheme. (*See* Compl. (#1) at ¶¶ 57–9[1]). Before the court is Hoy's Inc.'s motion to compel (#33). EBJ&F filed an opposition (#36); and Hoy's replied (#37). For the reasons stated below, Hoy's motion is granted.

**BACKGROUND**

      On September 19, 2013, Hoy's served written discovery on Defendants. (Glasser Aff. (#33-1) at ¶ 2). On October 29, 2013, Defendants responded to Hoy's requests for admissions. (*Id.* at ¶ 3). And, on November 4, 2013, Defendant Med-Health provided partial responses to Hoy's interrogatories and requests for production of documents. (*Id.* at ¶ 4). To date, neither Defendant EBJ&F nor Defendant Fujinaga have responded to Hoy's interrogatories or requests for production of documents. (*Id.* at ¶ 5).

      On November 15, 2013, the parties met and conferred to discuss Med-Health's incomplete responses and EBJ&F and Fujinaga's failures to respond. (*Id.* at ¶ 6, 16). Thereafter, Defendants repeatedly promised to cure their production and fully respond to Hoy's discovery requests. (*See id.*

---

[1] Parenthetical citations refer to the court's docket.

1

at ¶¶ 7, 9, 10, 13). This never occurred.

Accordingly, Hoy's now requests an order compelling complete responses and imposing sanctions. (*See* Pl.'s Mot. to Compel (#33) at 4:11, 7:12). Defendants concede that they have failed to timely and fully respond to Hoy's requests, as required by the Federal Rules of Civil Procedure. (*See* Def.'s Opp'n (#36) at 3:17–18) ("Defendants do not oppose an order compelling the responses, and acknowledge that the responses are overdue"). Defendant's only request is that the court limit sanctions "to a reasonable amount," if the court imposes sanctions. (*Id*. at 3:20–22).

## LEGAL STANDARD

Federal Rule of Civil Procedure 37 governs discovery sanctions. Rule 37 is "flexible" and the district court's discretion to fashion an appropriate sanction under Rule 37 is "broad." 8B WRIGHT, MILLER, MARCUS, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2284 (3rd ed. 2010); *Nat'l Hockey League v. Metro. Hockey Club, Inc*., 427 U.S. 639, 643 (1976) (*per curiam*). This means that Rule 37 sanctions are permissive, not mandatory. *See Avery Dennison Corp. v. Allendale Mut. Ins. Co*., 310 F.3d 1114 (9th Cir. 2002) (holding that the district court did not abuse its discretion by denying a motion for sanctions where a party submitted false responses to discovery requests).

## DISCUSSION

Defendants argue that sanctions should be limited because they are busy litigating two related cases, *Takiguchi v. MRI Int'l, Inc*., No. 13–cv–1183–JAD–VCF (D. Nev. July 5, 2013) and *S.E.C. v. Fujinaga, et al.*, No. 13–cv–01658–JCM–CWH (D. Nev. Sept. 11, 2013). (*See* Def.'s Opp'n (#36) at 2:9–10). Additionally, Defendants argue that sanctions are unwarranted because Defendants have only neglected some, rather than all, of their discovery obligations. (*See id*. at 4–5). The court is unpersuaded. Compliance in one area does not justify noncompliance in another.

Since the Supreme Court's *per curiam* decision in *Nat'l Hockey League*, courts have increasingly imposed sanctions for their deterrent value, rather than as a means to compensate the movant for its loss of time and money or penalize the party resisting discovery. WRIGHT & MILLER, *supra*, § 2284 at n. 20 (citing *Nat'l Hockey League*, 427 U.S. at 643). The purpose of discovery is to provide the parties with a method "to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). For the discovery system to properly function, the costs of resisting discovery must outweigh the benefits of impartial or evasive discovery. "If the only sanction for failing to comply with the discovery rules is having to comply with the discovery rules if you are caught, the diligent are punished and the less than diligent, rewarded." *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 506 (D. Md. 2000). Rewarding noncompliant parties contravenes the rule's purpose of securing "the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

The court, therefore, finds that sanctions are warranted because Defendants repeatedly disregarded the rules. Hoy's severed written discovery on September 19, 2013 and subsequently asked Defendants to cure their deficient and nonexistent responses on November 15, 2013, December 3, 2013, and December 23, 2013. (*See* Pl.'s Mot. to Compel (#33) at 2–3). Because of Defendants' noncompliance, the parties stipulated to an extension of discovery on January 3, 2014. (*Id*. at 3:14–15). Thereafter, Defendants "promised" to serve rule-compliant responses by January 7, 2014. (*Id*. at 2:18–19). Defendants still failed to respond. On January 17, 2014, Hoy's contacted Defendants for a fifth time to request rule-complaint responses. (*Id*. at 3:20). Again, Defendants "promised" to produce the requested discovery. (*Id*. at 3:23). No discovery was produced.

Now, Defendants oppose Hoy's motion, admit that they violated the rules, conceded that they still have not cured their responses, and assert that sanctions are "inappropriate in the instant case." (Def.'s Opp'n (#36) at 4:14). This argument is meritless. *See Textron, Inc.*, 192 F.R.D. at 506.

3

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Hoy's Inc.'s motion to compel (#33) is GRANTED.

IT IS FURTHER ORDERED that Defendants will pay Plaintiffs' FEES AND COSTS. On or before March 18, 2014, Plaintiffs must file a motion for fees and costs that is supported by an affidavit detailing the fees and costs incurred in connection with this motion. The motion must comply with Local Rule 54-16 and be filed not later than March 18, 2014.

IT IS FURTHER ORDERED that Defendants are SANCTIONED in the amount of $1,000.00, in order to deter future discovery abuses. The check must be deposited with the court on or before March 18, 2014. The check must be payable to Clerk, U.S. District Court, and will be credited towards the Crime Victim Assistance Fund.

IT IS SO ORDERED.

DATED this 3rd day of March, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE